**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN AGUILAR-JUARICO, AKA Joaquin A. Aguilar Juarico, | No. 16-71171 |
| Petitioner, | Agency No. A088-673-914 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN Circuit Judges.

Joaquin Aguilar-Juarico, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

597 F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

The BIA did not abuse its discretion in denying Aguilar-Juarico's motion to reopen, where he failed to demonstrate prima facie eligibility for relief.  *See* 8 C.F.R. § 1003.2(c)(1); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

**PETITION FOR REVIEW DENIED.**